UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PAMELAH OAKEY AND WILLIAM OAKEY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:12CV2207 JAR |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Complete the Administrative Record. (ECF No. 50). This matter is fully briefed and ready for disposition.

"[J]udicial review under the APA is limited to the administrative record that was before the agency when it made its decision." Voyageurs Nat. Park Ass'n v. Norton, 381 F.3d 759, 766 (8th Cir. 2004); Newton Cnty. Wildlife Ass'n v. Rogers, 141 F.3d 803, 807 (8th Cir. 1998)("APA review of agency action is normally confined to the agency's administrative record."). "That record, 'not some new record made initially in the reviewing court,' becomes the 'focal point' for judicial review." Voyageurs Nat. Park Ass'n, 381 F.3d at 766 (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)). "When … there is a contemporaneous administrative record and no need for additional explanation of the agency decision, 'there must be a strong showing of bad faith or improper behavior' before the reviewing court may permit discovery and evidentiary supplementation of the administrative record." Newton Cnty. Wildlife Ass'n, 141 F.3d at 807. "By confining judicial review to the administrative record, the APA precludes the reviewing court

from conducting a de novo trial and substituting its opinion for that of the agency. <u>Voyageurs Nat.</u>

<u>Park Ass'n</u>, 381 F.3d at 766 (citing <u>United States v. Morgan</u>, 313 U.S. 409, 422 (1941)).

In their Motion, Plaintiffs ask the Court to "issue an order requiring the Corps to complete the administrative record to include the minutes, transcripts, or recordings of public meetings on this project at which the Corps was present, along with the notes or other records of conversations between the Corps and MSD concerning the project." (<u>Id.</u>). Specifically, Plaintiffs contend that the administrative record does not include the project plans, which MSD made available to the public at the February 16, 2010 public meeting and which are dated January 2010. (ECF No. 54, p. 3).

In response, the Corps and MSD state that the complete administrative record was certified by the Corps. (ECF No. 53, p. 3; ECF No. 52, p. 2). Jennifer Brown, Regulatory Project Manage for the St. Louis District, Corps of Engineers, attested that there are "no minutes, transcripts, recordings or notes from the single MSD-sponsored public meeting she attended on May 17, 2012," and "[t]here are no additional documents, of any kind, which have not been produced as part of the Administrative Record filed with this Court on March 1, 2013." (ECF No. 53, p. 3). In its Sur-Reply, the Corps states that the January 2010 plans that were presented at the February 16, 2010 public meeting were not submitted to the Corps with MSD's permit application for Permit P-2773. (ECF No. 57, pp. 2-3). The Corps was first made aware of these plans during the instant litigation. (<u>Id., p. 2</u>). Likewise, the Corps contends that the January 2010 plans are not evidence of a substantial environmental issue that the Corps missed; the Corps states that it "clearly demonstrated that it conducted a complete Environmental Assessment and Statement of Finding." (<u>Id.</u>, p. 2). Consequently, the Corps argues that the January 2010 plans are not a proper part of the administrative record.

The Court finds that the January 2010 plans should not be made a part of the administrative

record in this case. Based upon the affidavits provided by the Corps, it is clear that the administrative record is complete. The January 2010 plans were never provided to the Corps in conjunction with MSD's permit application and were not considered by the Corps in issuing Permit P-2773. In addition, Plaintiffs have provided no indication of bad faith or improper behavior on behalf of the Corps or MSD that would require review of matters extraneous to the administrative record. Therefore, the January 2010 plans should not be included in the agency record.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Complete the Administrative Record [50] is **DENIED**.

Dated this 29th day of April, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE